**United States District Court**
**for the**
**District of Colorado**

| | |
|---|---|
| RONALD STRICH, Plaintiff )<br>)<br>v. )<br>)<br>KENNETH SALAZAR, individually )<br>and in his official capacity as Secretary of )<br>the United States Department of the Interior; )<br>THOMAS TIDWELL, individually and in )<br>in his official capacity as Chief of the )<br>United States Forest Service, United States )<br>Department of Agriculture; ROBERT )<br>LEAVERTON, individually and in his )<br>official capacity as Supervisor of the San )<br>Isabel National Forest, United States )<br>Forest Service, United States Department of )<br>Agriculture; MICHAEL POOL, individually )<br>and in his official capacity as Director of )<br>the Bureau of Land Management, United )<br>States Department of the Interior, the )<br>UNITED STATES OF AMERICA )<br>MICHAEL CONNOR, individually and )<br>in his official capacity as Commissioner of )<br>the Bureau of Reclamation, United States )<br>Department of the Interior )<br>CARL SCHAEFER, individually and )<br>in his official capacity as a Lake County )<br>Colorado Commissioner; )<br>MICHAEL BORDOGNA, individually and )<br>in his official capacity as a Lake County )<br>Colorado Commissioner; )<br>KENNETH OLSEN, individually and )<br>in his official capacity as a Lake County )<br>Colorado Commissioner, )<br>MICHAEL HICKMAN individually and )<br>in his official capacity as a  former )<br>Lake County Colorado Commissioner and )<br>ANY AND ALL UNKNOWN )<br>PERSONS WHO CLAIM AN )<br>INTEREST IN THE SUBJECT )<br>MATTER OF THIS ACTION. )<br>Defendants | Civil Action No. 2009 _____ |

## COMPLAINT

NOW COMES the Plaintiff, Ronald Strich by and through his attorneys, *Carlson, Carlson and Dunkelman, LLC* and as his Complaint states as follows:

### JURISDICTION & VENUE

1. The issues raised in this Complaint present federal questions of law and invoke the jurisdiction of this Court pursuant to 28 USC 1228, as well as subject matter jurisdiction under the Federal Quiet Title Act, 28 USC 1346. Issues also arise under The Federal Land Policy and Management Act, 43 U.S.C. § 1737(b). Further, Federal questions are presented regarding Leases, Permits, and Easements; Land Use Authorizations, under 46 Fed. Reg. 5772, 5777 (Jan. 19, 1981) ("Under the authority of [43 U.S.C. § 1732], Leases, Permits, and Easements; Effective Dates of Permit Decisions; Appeal Procedure, 61 Fed. Reg. 32351 (June 24, 1986). The existing regulations in 43 CFR part 2920 contain procedures for many types of land users to obtain authorizations in the form of permits, leases, and easements to use, occupy, and develop public lands and United State Forest Service authorization act.

2. Venue is proper in this Court as this matter concerns (1) an easement agreement and contracts with the United States Department of the Interior Bureau of Reclamation ("BOR") for access to traverse Plaintiff's lands to access and maintain a pipeline and (2) a right of way agreement the United States Department of Interior, Bureau of Land Management ("BLM") for Plaintiff to access his property and (3) the lack of an easement or any right of the United States Department of Agriculture, United States Forest Service ("USFS") to traverse Plaintiff's property to access certain Federal Lands located in the County of Lake, State of Colorado.

### PARTIES

3. Plaintiff, Ronald Strich, is the owner and real party in interest for the real property referred to herein as the "Strich's Mt. Massive Ranch", located in the County of Lake, State of Colorado and more particularly described in Exhibit A.

4. Defendant Kenneth Salazar is the Secretary of the Interior acting in his official and individual capacity.

5. Defendant, Thomas Tidwell is the Director of the United States Forest Service, United States Department of Agriculture ("USFS") acting in his official and individual capacity.

6. Defendant Robert Leaverton is Supervisor of the San Isabel National Forest, Colorado, United States Forest Service, United States Department of Agriculture, acting in his individual and official capacity.

7. Defendant Michael Pool is the Director of the Bureau of Land Management, United States Department of the Interior, ("BLM") acting in his official and individual capacity.

8. Defendant Michael Connor is the Commissioner of the Bureau of Reclamation, United States Department of the Interior, (hereinafter "BOR") acting in his official and individual capacity.

9. Defendants Salazar, Tidwell, Leaverton, Connor and Pool are herein referred to as the "Federal Agency Defendants".

10. Defendant Carl Schaefer is a Lake County, Colorado Commissioner acting in his official and individual capacity. Defendant Michael Bordogna is a Lake County, Colorado Commissioner acting in his official and individual capacity. Defendant Kenneth Olson is a Lake County, Colorado Commissioner acting in his official and individual capacity.

11. At the time of the destruction of the gates on Plaintiff's property Michael Hickman was a Lake County Commissioner acting in his official and individual capacity.

12. Defendants Olsen, Bordogna, Hickman and Schaefer are herein referred to the "County Defendants".

## GENERAL ALLEGATIONS

13. Access to and from Plaintiff's property the Strich's Mt. Massive Ranch is accomplished by means of a Right of Way Grant ("ROW") issued by the United States Department of the Interior Bureau of Land Management on June 2, 1982 and referred to as Serial Number C-33154.

14. The ROW is particularly described on the right of way map, consisting of one page, filed with the Bureau of Land Management ("BLM") on July 16, 1981, and designated by the holder as **"Plat of 16 foot Access Road to Strich's Mt. Massive Ranch, located in the NW1/4 of the SW ¼ of Section 7, Township 10 South, Range 80 W of the 6th Principal Meridian."**

15. Generally, the ROW follows an ancient path beginning at Lake County Road 11 and travels in a westerly direction traversing BLM land. After traversing the BLM land, the ancient road briefly crosses Strich's Mt. Massive Ranch in conjunction with crossing BLM property then briefly crosses United States Forest Service ("USFS") property, and then re-enters the Strich's Mt. Massive Ranch for several hundred yards.

16. The Plaintiff is the current Assignee and Holder of the ROW by virtue of a Decision of the United States Department of the Interior Bureau of Land Management dated November 26, 2003. In accordance with the ROW, the Plaintiff annually pays the fair market value of the ROW as determined by the BLM.

17. The USFS has established a Trailhead to its property and the Mt. Massive Wilderness that requires the Public traverse Plaintiff's property to reach. The Plaintiff worked diligently with the USFS over the past several years to determine the boundary of the road since the road provides access to USFS Property. The USFS has agreed that the road crosses the Strich's Mt. Massive Ranch property and has agreed it has no easement to cross the property. The USFS continues to use the road to access to their property even without the easement.

18. Defendant Olsen acting in concert with Defendants Bordogna and Schaefer have asserted that the ROW is a type of "Public Road" open to anyone and everyone who cares to enter Plaintiff's Property.

19. Defendant Olsen acting in concert with Defendants Bordogna and Schaefer has recorded the 1975 USFS road map and declared all such USFS roads then existing to be Lake County Roads recorded at Reception Nos. 337451 and 337445 on July 20, 2005.

20. Defendants Olsen, Bordogna and Schaefer have failed to provide any legal justification for its assertion the ancient path and the ROW in concert constitute a "public road."

21. Nonetheless, Defendants Olsen, Bordogna, and Schaefer have asserted in Lake County [Colorado] District Court Case No. 06 CV 53 that the private property portions of the path are a public road and by implication the federal property controlled and regulated by the Federal Agency Defendants is also part of the Pubic Road, but have not brought any federal parties into the lawsuit.

22. The Federal Agency Defendants have failed to assert, protect, defend and enforce the USFS, BOR and BLM rights to the property and the limitations of the ROW easement against the claims the property is a Lake County Public Road.

23. The Plaintiff has made substantial effort to secure his real property. The Plaintiff has placed gates across the right of way at his property line. Gates at two of the ingress/egress points were installed in 2000 and at an additional two points in 2006. Locks were placed on all gates in August 2006. On or about October 13, 2006, the gates were destroyed by direction of the County Defendants by their agents and employees.

24. The County of Lake is a subdivision of the State of Colorado and the County Defendants actions are state action.

25. The County Defendants have never maintained or improved the ROW. The County Defendants have never provided services in connection with the ROW.

26. The Federal Agency Defendants have never maintained or improved the ROW. The Federal Agency Defendants have never provided services in connection with the ROW.

27. The use of the ROW and ancient path by the public has been sporadic and irregular, never under claim of right.

28. The Property has been vacant since the early 1900's until Plaintiff began spending several months in the summer each year. Plaintiff has permitted limited use by hunters who have asked permission.

## VIOLATION OF FEDERAL LAND POLICY AND MANAGEMENT ACT

29. Plaintiff incorporates by reference paragraphs 1 through 28 as though restated and realleged herein.

30. The Federal Agency Defendants have a duty to comply with The Federal Land Policy and Management Act, 43 U.S.C. § 1737 (FLPMA).

31. The Federal Agency Defendants have a duty to comply with the Leases, Permits, and Easements; Land Use Authorizations of 46 Fed. Reg. 5772, 5777 (Jan. 19, 1981) ("Under the authority of [43 U.S.C. § 1732].

32. The Federal Agency Defendants have a duty to comply with Leases, Permits, and Easements; Effective Dates of Permit Decisions; Appeal Procedure, 61 Fed. Reg. 32351 (June 24, 1986) the existing regulations in 43 CFR part 2920.

33. The Federal Land Policy and Management Act requires that private easements such as the ROW are private for the benefit of the parties and they are not public roads unless a notice and hearing process is convened and followed.

34. The failure of the Federal Agency Defendants to oppose the County Defendants claim the ROW is a public road is a violation of the FLPMA, its attenuated regulations and a violation of their individual oath of office and statutory duty.

## VIOLATION OF NEPA

35. Plaintiff incorporates by reference paragraphs 1 through 34 as though restated and realleged herein.

36. The Federal Agency Defendants have a duty to comply with the National Environmental Protection Act, 42 USC 4321-4370 (NEPA).

37. The Federal Agency Defendants failure to oppose the County Defendants claims and the Federal Agency Defendants allowance of the use of the ROW as a Public Road

without following existing regulation and without conducting an environmental impact study is a violation of the National Environmental Protection Act, 42 USC 4321-4370.

### FEDERAL QUIET TITLE ACT

38. Plaintiff incorporates by reference paragraphs 1- 37 as though restated and realleged herein.

39. The claims of the County Defendants create a claim of a County Public Road on three portions of Federal land: (1) the ROW over BLM property, (2) a road over three sections of USFS property, and (3) an alleged road over the Elbert Conduit Easement described hereinafter and over the Federal easement which cloud the title of the Federal Agency Defendants and the United States.

40. The Federal Quiet Title Act, 28 USC 1346 allows the United States to be named as a Defendant with a limited waiver of governmental immunity.

41. There is currently pending in Lake County District Court Case 06 CV 53 a State Quiet Title Action where the Federal Agency Defendants and the United States are not parties which address only the BLM and USFS property.

42. The Lake County District Court Case purports to proceed based upon the allegations that Colorado established actions to quiet title as statutory proceedings in 1887. Colo. Session Laws 1887, ch. XXII, 255 et seq. at 173. This provision codified as 274 of the Civil Code, see 1908 Rev. Stat., ch. XXII at 125, provided the action could be brought against any person who claimed an estate adverse to the party in possession. The [Colorado] Code of Civil Procedure was supplanted by adoption of the [Colorado] Rules of Civil Procedure in 1941, with Colorado Rules of Civil Procedure (C.R.C.P.) 105 replacing the statutory procedure. C.R.C.P. 105 (a) has remained unchanged since 1941 and is the authority under which that action was brought. Keith v. Kinney, 961 P.2d 516, 518-519 (1997).

43. The Lake County Colorado State Court action affects title to real property situated in Lake County Colorado.

44. Pursuant to Rule 105(g), C.R.C.P. the description of the real property in that case is the same as the one above: **"Plat of 16 foot Access Road to Strich's Mt. Massive Ranch, located in the NW1/4 of the SW ¼ of Section 7, Township 10 South, Range 80 W of the 6th Principal Meridian."**

45. The ROW is also affected by prior state court litigation. The District Court for Jefferson County Colorado in Case No. 9346 on June 18, 1982 also declared a prescriptive easement described as 8 feet either side of a center line beginning at the

Section Corner of Sections 1 and 12, Township 10 South, Range 81 West of the Sixth Principal Meridian, and Sections 6 and 7 of Township 10 South, Range 80 West of the Sixth Principal Meridian, thence South 0 Degrees 05' East, a distance of 2637.36 feet to the quarter corner of Sections 12 and 7, which point is the true point of beginning of said strip, thence South 89 Degrees, 05' a distance of 394 feet, thence South 88 Degrees 35 minutes East a distance of 175 feet, thence South 80 Degrees 35' East a Distance of 121 feet, thence South 86 Degrees 35' a distance of 50 feet, thence North 87 Degrees 55' East a distance 195 feet, thence South 84 Degrees 05' East a Distance of 95 Feet, thence South 87 degrees 05' East a distance of 186 feet, then 71 Degrees 05" East a distance of 180 feet more or less to the northwest boundary line of Half Moon Creek Road, a County Road.

46. The Jefferson County Court Decree purports to grant an easement over Federal land specifically BLM land.

47. In addition there an agreement dated August 16, 1976 which Plaintiff calls the Elbert Conduit Agreement with the BOR which creates a pipeline easement which encumbers Plaintiff's property. The County Defendants have wrongfully claim this a public road. The County Defendants' claims have clouded the United States' and Plaintiff's title.

48. There may be persons interested in the subject matter of this action whose names cannot be inserted herein because said names are unknown to Plaintiff, although diligent effort has been made to ascertain the names of such persons. Such persons have been made Defendants and designated as

> **"ANY AND ALL UNKNOWN PERSONS WHO CLAIM AN INTEREST IN THE SUBJECT MATTER OF THIS ACTION. Defendants."** So far as Plaintiff's knowledge extends, the interests of the unknown parties are derived through some one or more of the named Defendants.

49. This action is necessary to remove the cloud of title and to establish the respective right and interest of Plaintiff and Defendants in **"Plat of 16 foot Access Road to Loomis Ranch, located in the NW1/4 of the SW ¼ of Section 7, Township 10 South, Range 80 W of the 6th Principal Meridian."**

## VIOLATION OF USFS TRAILHEAD AND ROAD PROCEDURES

50. Plaintiff incorporates by reference paragraphs 1-49 as though restated and realleged herein.

51. The USFS sometime after the creation of the Mt. Massive Wilderness in 1982, the USFS declared the road by the ranch, not the ROW to be a Forest System Road, Number 152 as it runs from Lake County Road 11 to the trailhead without doing

surveys or making sure they had legal access even though they know it crosses Plaintiff's private property and other private property.

52. Defendants Tidwell and Pool by these actions, actions by their agents and representative or by their omissions of complying with USFS, FLMPA, NEPA and their own regulations regarding the designation of Forest Service Roads have violated those laws and damaged the Plaintiff.

## VIOLATIONS OF 42 USC 1983

53  Plaintiff incorporates by reference paragraphs 1-52 as though restated and realleged herein.

54. The actions of the County Defendants are a taking of Plaintiff's real private property without due process of law contrary to the Fifth Amendment to the Constitution of the United States as applied to the states and the County Defendants state action by 42 USC 1983.

55. The actions of the County Defendants are an intrusion on Plaintiff's real private property and a violation of Plaintiff's right to be free of unreasonable seizures under the Fourth Amendment to the Constitution of the United States as applied to the states and the County Defendants' state action by 42 USC 1983.

56. The official actions of the County Defendants and/or their agents as described above deprive Plaintiff of rights, privileges and immunities guaranteed to him by the Constitution and laws of the United States as applied to the states and the County Defendants' state action by 42 USC 1983.

WHEREFORE, Plaintiff requests the following Relief:

   a. To Enjoin the Federal Agency Defendants from using the ROW as a Public Road;
   b. To Enjoin the County Defendants from using the ROW as a Public Road;
   c. To Require the Federal Agency Defendant to conduct an environmental impact study under NEPA before allowing any use of the ROW as a Public Road;
   d. To Award damages to Plaintiff for the destroyed gates, property damage and all other direct and consequential damages;
   e. To award reasonable attorneys fees and costs incurred in connection with this action from the County Defendants pursuant to 42 U.S.C. 1988 and all other applicable statutes;

  f. Such other relief as the Court deems reasonable, necessary, just and proper.

Dated: August 10, 2009

Respectfully submitted,
CARLSON, CARLSON,
  && DUNKELMAN, L.L.C.

By: *[signature]*

Ronald W. Carlson, #19145
P.O. Box 1829
975 N. Ten Mile Dr., E-15
Frisco, CO 80443
E-mail:ron@ccdlawyers.com
(970) 668-1678