IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-01913-REB-KLM

RONALD STRICH,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF THE INTERIOR;
UNITED STATES DEPARTMENT OF AGRICULTURE;
BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY, COLORADO; and
ANY AND ALL UNKNOWN PERSONS WHO CLAIM AN INTEREST IN THE SUBJECT MATTER OF THIS ACTION,

    Defendants.

## ORDER DENYING DEFENDANTS' RENEWED MOTION TO STAY ON ABSTENTION GROUNDS

**Blackburn, J.**

    The matter before me is **Renewed Motion To Stay on Abstention Grounds** [#73], filed January 19, 2010, by defendant, the Board of County Commissioners of Lake County, Colorado. Defendant seeks to stay this action until the District court of Lake County, Colorado, issues its ruling and judgment following a December, 2009, trial of claims relating to plaintiff's Lake County property. I deny the motion.

    "[T]he decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance." ***Moses H. Cone Memorial Hospital v. Mercury Construction Corp.***, 460 U.S. 1, 19, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983). That discretion is guided by "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of

litigation." ***Colorado River Water Conservation District v. United States***, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). However, before I can exercise my discretion under ***Colorado River***, I must first conclude that the concurrent state court proceedings are truly parallel. ***Moses H. Cone***, 103 S.Ct. at 943; ***Fox v. Maulding***, 16 F.3d 1079,1081-82 (10th Cir. 1994). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." ***Fox***, 16 F.3d at 1081 (citation and internal quotation marks omitted). "[T]he decision to invoke ***Colorado River*** necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case[.]" ***Moses H. Cone***, 103 S.Ct. at 943. Contrastingly, if the state proceedings will not provide a complete resolution of the federal action, "it would be a serious abuse of discretion to grant the stay." ***Id. See also Fox***, 16 F.3d at 1081-82.

In the instant action, plaintiff has brought claims under federal law that the state court has refused to hear. (***See Notice of Removal*** ¶ 3 at 2, ***Strich v. Board of County Commissioners of Lake County, Colorado***, Civil Action No. 09-cv-01924-PAB-KLM.)[1] Further, there is an incomplete identity of parties between the state court proceedings and this action, in which plaintiff sues not only the Lake County Board of County Commissioners, as he did in state court, but also the United States of America, the Department of the Interior, and the Department of Agriculture.[2]

---

[1] Plaintiff's attempt to remove his own lawsuit to this court was rebuffed. (***See* Order Remanding Case to State Court** [#17], filed August 25, 2009, ***Strich v. Board of County Commissioners of Lake County, Colorado***, Civil Action No. 09-cv-01924-PAB-KLM..)

[2] Although defendant argues that plaintiff may not have standing as to the federal claims, a determination as to that issue itself goes beyond the issues before the state court, thus further evidencing the impropriety of invoking ***Colorado River*** abstention in this case.

Clearly, then, this is not an instance in which, following a decision by the state court, "the federal court will have nothing further to do in resolving any substantive part of the case." *Moses H. Cone*, 103 S.Ct. at 943. Thus, I conclude that it would be inappropriate to exercise my discretion to grant a stay of these proceedings pursuant to the *Colorado River* doctrine.

**THEREFORE, IT IS ORDERED** that defendant's **Renewed Motion to Stay on Abstention Grounds** [#73], filed January 19, 2010, is **DENIED**.

Dated June 28, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge