**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  09-cv-01913-REB-KLM

RONALD STRICH,

     Plaintiff,

v.

THE UNITED STATES OF AMERICA,
THE UNITED STATES DEPARTMENT OF THE INTERIOR,
THE UNITED STATES DEPARTMENT OF AGRICULTURE, and
ANY AND ALL UN KNOWN PERSONS WHO CLAIM AN INTEREST IN THE SUBJECT
MATTER OF THIS ACTION,

     Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR ORDER DIRECTING
THAT PLAINTIFF'S FIRST CLAIM FOR RELIEF BE REVIEWED PURSUANT TO
THE ADMINISTRATIVE PROCEDURES ACT, 5 U.S.C. § 701-06**

---

**Blackburn, J.**

     The matter before me is the **Motion for Order Directing that Plaintiff's First
Claim for Relief Be Reviewed Pursuant to the Administrative Procedures Act, 5
U.S.C. §§ 701-06 by Defendant United States of America, Defendant United States
Department of the Interior, and Defendant United States Department of
Agriculture** [#131], filed July 2, 2010.  I grant the motion.

     All parties agree that plaintiff's sole remaining claim for declaratory judgment
against the federal defendants should be reviewed pursuant to the Administrative
Procedures Act ("APA"), 5 U.S.C. § 706.  Plaintiff, however, quarrels with defendants'
assertion that any such review be limited to the administrative record, pointing out that
no such record has been filed in this matter.  In response, defendants assert that they

have not produced the administrative record yet because plaintiff did not plead his claim as one for administrative review. They aver that they will file such a record should I grant the present motion.

Judicial review of agency action is limited to determining "(1) whether the agency acted within the scope of its authority, (2) whether the agency complied with prescribed procedures, and (3) whether the action is otherwise arbitrary, capricious or an abuse of discretion." *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1574 (10th Cir. 1994). Because the district court essentially sits as an appellate court in this instance, in all but the most limited circumstances, its review of agency action is confined to the administrative record. *Citizens for Alternatives to Radioactive Dumping v. United States Dept. of Energy*, 485 F.3d 1091, 1096 (10th Cir. 2007); *Lee v. United States Air Force*, 354 F.3d 1229, 1242 (10th Cir. 2004). Only when "the bare record [does] not disclose the factors that were considered or the [agency's] construction of the evidence" may it become "necessary for the District Court to require some explanation in order to determine if the [agency] acted within the scope of [its] authority and if the [agency's] action was justifiable under the applicable standard." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971).[1]

Defendants here represent that there is an administrative record regarding the challenged agency decisions, which record simply has not yet been filed due to the uncertainties occasioned by plaintiff's pleading of his claim for declaratory judgment.

---

[1] Even where review of such extra-record evidence is permissible, it is within my discretion to admit and consider it. *Citizens for Alternatives to Radioactive Dumping*, 485 F.3d at 1096; *Valley Community Preservation Commission v. Mineta*, 373 F.3d 1078, 1089 n.2 (10th Cir. 2004).

Given the representation that such a record exists, it would be premature for me to determine whether extra-record evidence will be considered *vel non.* Assuming plaintiff's claim survives the pending motion for summary judgment on jurisdictional and statue of limitations grounds, I will make that determination after the administrative record has been submitted and only on a substantiated showing that additional, extra-record evidence is properly considered.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion for Order Directing that Plaintiff's First Claim for Relief Be Reviewed Pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701-06 by Defendant United States of America, Defendant United States Department of the Interior, and Defendant United States Department of Agriculture** [#131], filed July 2, 2010, is **GRANTED**;

2. That plaintiff's First Claim for Relief **SHALL BE REVIEWED** as an administrative appeal pursuant to the Administrative Procedures Act as set forth herein;

3. That if plaintiff's First Claim for Relief survives the pending **Motion for Summary Judgment** [#123], filed June 23, 2010, the court shall issue further appropriate orders regarding submission of a proposed scheduling order to submit the administrative record and establish a timetable for discovery and briefing; and

4. That the **Order** [#163] August 16, 2010, is **MODIFIED** accordingly.

Dated August 17, 2010, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

3