**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 09-cv-01913-WJM-KLM

RONALD STRICH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF THE INTERIOR,
UNITED STATES DEPARTMENT OF AGRICULTURE, and
ANY AND ALL UNKNOWN PERSONS WHO CLAIM AN INTEREST IN THE SUBJECT MATTER OF THIS ACTION,

    Defendants.

## OPINION AND ORDER

The matters before the Court are (1) defendants' Motion for Summary Judgment on Plaintiff's First Claim for Relief in the Second Amended Complaint by Defendant United States of America, Defendant United States Department of the Interior, and Defendant United States Department of Agriculture, ECF No. 123; and (2) Plaintiff's Motion for Leave to File Surreply to Defendants' Motion for Summary Judgment, ECF No. 170. The Court grants in part and denies in part defendants' motion for summary judgment, *albeit* construed as a motion to dismiss for lack of subject matter jurisdiction, and denies as moot plaintiff's motion to file a surreply.

### I. JURISDICTION

The Court has putative subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question), in combination with the Administrative Procedure Act, 5 U.S.C.

§ 701 *et seq.* (the "APA").

## II. STANDARD OF REVIEW

Although defendants style their motion as one for summary judgment, the gravamen of their argument is that certain of the actions plaintiff challenges do not constitute final agency actions subject to the Court's review and are barred by the applicable statute of limitations. Because defendants are the United States and various of its agencies, defendants' motion implicates the government's waiver of sovereign immunity and accordingly the court's subject matter jurisdiction. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008) (noting the jurisdictional nature of waivers of sovereign immunity); *see also Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1960 (1995) (recognizing that federal courts are courts of limited jurisdiction and only may adjudicate claims that the Constitution or Congress have given them authority to hear and determine). As such, the Court construes the defendants' motion as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[1] *See Neiberger v. Hawkins*, 150 F.Supp.2d 1118, 1120 (D. Colo. 2001).

Such a motion may consist of either a facial or a factual attack on the complaint. *See Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003), *cert. denied*, 124

---

[1] Plaintiff claims defendants have "admitted that both subject matter jurisdiction and an express waiver of sovereign immunity exist." (Plaintiff's Response to Motion for Summary Judgment, ECF No. 139, at 3.) However, even assuming defendants so admitted, defendants cannot waive subject matter jurisdiction. The Court has an independent and continuing duty to determine whether subject matter jurisdiction exists. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-507 (2006)).

S.Ct. 2907 (2004). Defendants' motion goes beyond the allegations of the complaint to challenge the facts on which subject matter jurisdiction rests, and thus constitutes a factual attack on the sufficiency of plaintiff's complaint. The Court, therefore, does not presume the truth of the allegations of the complaint. *Sizova v. National Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002). Rather, the Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Davis*, 343 F.3d at 1296 (quotation marks omitted).[2]

### III.  ANALYSIS

**A.    MOTION FOR LEAVE TO FILE SURREPLY**

Before addressing the substance of the motion, however, the Court must consider plaintiff's motion for leave to file a "surreply."[3] After defendants' motion was fully briefed, the Court determined that plaintiff's claim for declaratory judgment was subject to review pursuant to the APA. (Order Granting Defendants' Motion for Order, ECF No. 164.) Plaintiff's purported "surreply" seeks to advise the court that a motion for summary judgment is inconsistent with the standards for judicial review under the APA. (*See* Motion for Leave To File a Surreply to Defendants' Motion for Summary Judgment, ECF No. 170, ¶ 7 at 3) (quoting *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560,

---

[2] The consideration of such materials does not convert the motion into one for summary judgment except in circumstances not relevant here. *See id*. January 28, 2011("We recognize that when resolution of the jurisdictional question is intertwined with the merits of the case, it is necessary to convert a Rule 12(b)(1) motion into a motion under Rule 12(b)(6) or Rule 56.").

[3] The motion is not technically a surreply, as defendants never filed a reply to plaintiff's response to the motion contesting subject matter jurisdiction. It is perhaps better understood as a motion to supplement his response.

1579-80 (10th Cir. 1994).) Because defendants' motion is more properly construed as a motion to dismiss pursuant to Rule 12(b)(1), however, this argument is moot. Alternatively, plaintiff claims that the court cannot reach the issues raised in defendants' motion without considering the administrative record, which as yet has not been filed. However, the parties both have submitted, without objection on either side, all documents they believe relevant to the determination of the jurisdictional motion. Thus, the full administrative record is not required to resolve the issues raised in defendants' motion. (*See* Reply in Support of Motion for Leave To File a Surreply to Defendants' Motion for Summary Judgment, ECF No. 172, at 5 ("Plaintiff does not believe any additional facts that might be found in the administrative record would change [the] accrual date [of plaintiff's claims].").) Accordingly, the Court denies plaintiff's motion to file a "surreply" as moot.

**B.    MOTION REGARDING SUBJECT MATTER JURISDICTION**

The Court now turns to the merits of defendants' motion. The facts of this case are well known to the parties and need not be repeated at length. Simply stated, plaintiff contends that the U.S. Forest Service ("Forest Service")[4] failed to follow its regulations when it: (1) "declared" a road that traverses plaintiff's property as "Forest Development Road 152", (2) subsequently "declared" the road as "Forest System Road 110-A", (3) established a trailhead at the western end of the road, and (4) published

---

[4] The Forest Service is an agency within defendant United States Department of Agriculture.

motorized vehicle use maps depicting the road as "Other Public Road."[5]  Plaintiff challenges these actions under the APA.

The Court's subject matter jurisdiction over APA actions is limited to claims regarding "final agency actions" that are raised within the relevant statute of limitations. *See* 5 U.S.C. § 704; *see Gordon v. Norton*, 322 F.3d 1213, 1219-20 (10th Cir. 2003) (affirming dismissal for lack of subject matter jurisdiction because, *inter alia*, challenged action was not final agency action); *Urabazo v. United States*, No. 91-6028, 947 F.2d 955, 1991 WL 213406, at *5 (10th Cir. Oct. 21, 1991) (table case), *cert. denied*, 112 S.Ct. 3037 (1992) (holding action should be dismissed for lack of jurisdiction because it is barred by limitations period of § 2401(a)).  Plaintiff has the burden of proving subject matter jurisdiction and an express waiver of sovereign immunity.  *Garcia v. United States Air Force*, 533 F.3d 1170, 1175 (10th Cir. 2008); *Smith v. Krieger,* 643 F. Supp. 2d 1274, 1281 (D. Colo. 2009).  Defendants contend subject matter jurisdiction is lacking in this case because the first two alleged violations are not "final agency actions"

---

[5] Plaintiff challenges for the first time in his response to defendants' motion the Forest Service's inaction in moving the trailhead and closing the road, claiming it too constitutes "final agency action" subject to the Court's review. (*See* Plaintiff's Response to Motion for Summary Judgment, ECF No. 139, at 15-16.)  Generally, however, the Federal Rules of Civil Procedure do not permit a party to raise new claims at the summary judgment stage as it may cause prejudice to the opposing party.  *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991); *see Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005); *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) ("As the district court correctly noted, this claim was not raised in Fisher's second amended complaint but, rather, was raised in his response to the defendants' motion for summary judgment and, as such, was not properly before the court.").  Because this claim was not asserted in the Complaint, it is not properly before the Court and thus cannot be considered at this time.  (*See* Second Amended Complaint, ECF No. 111, ¶¶ 23-29 at 6-7.)  In order for the Court to consider this new claim, plaintiff must amend his Complaint in accordance with the Fed. R. Civ. P. 15. *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (citing *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)).

and the first three are barred by the six-year statute of limitations applicable to the APA.[6]

### 1. Final Agency Action

Defendants first claim their renaming of the road to "Forest System Road 110-A" is not a final agency action subject to this Court's review.[7] For an agency action to be "final," it: (1) "must mark the consummation of the agency's decision-making process"; and (2) "must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear,* 520 U.S. 154, 177-78 (1997) (quotation omitted).

#### a. Renaming of the Road

It is undisputed that the road was identified in the Forest Service database prior to 1984 as "Forest Development Road 152." (Defendants' Motion for Summary Judgment, ECF No. 123, ¶ 7 at 6.) Beginning in 1996, the road was renumbered twice and was ultimately renamed in 2001 as "National Forest System Road 110.A." Defendants characterize these acts as simply giving a pre-existing road a new identification number or terminology. Defendants therefore claim the 2001 renaming does not possess the requisite legal consequences to deem it a "final agency action." (*Id.* at 14.) In response, plaintiff argues the renaming resulted in a furtherance of the

---

[6] Defendants' do not claim the Court lacks subject matter jurisdiction over the fourth alleged violation and thus this violation is not a subject of their motion.

[7] Defendants also contend their initial designation of the road as "Forest Development Road 152" is not a final agency action. However, because the Court finds defendants' statute of limitations argument concerning this alleged violation both persuasive and dispositive, the Court does not consider here defendants' alternative argument regarding the finality of the initial designation.

"uncertainty regarding the public's right to use the full length of the road and trailhead, as well as uncertainty regarding Plaintiff's ability to completely close the portion of the road that crosses his property." (Plaintiff's Response to Motion for Summary Judgment, ECF No. 139, at 15.)

Plaintiff's argument regarding the legal consequences flowing from the name change is wanting. Plaintiff neither points to supporting case law nor proffers a policy argument as to why "uncertainty" regarding rights equates to a determination of those rights or obligations, or to an actual *legal* consequence. Moreover, the impotency of the name change is reflected in the fact that the parties' and the public's rights would have remained the same had the name not been changed at all. *See Golden and Zimmerman*, 599 F.3d 426, 433 (4th Cir. 2010) (comparing the rights before and after the challenged publication as part of determining whether the challenged publication resulted in legal consequences). Legal consequences emanate from an act that establishes rights to the road, not from the simple act of renaming the road after the rights have already been determined. Accordingly, the Court finds the defendants' renaming of the road in 2001 does not constitute a final agency action and, thus, the Court lacks subject matter jurisdiction to review it. This aspect of plaintiff's First Claim for Relief shall be dismissed with prejudice.

Having determined the Court lacks subject matter jurisdiction to review the 2001 renaming of the road, the Court need not determine whether plaintiff's challenge to the same is barred by the applicable statute of limitations. The Court is, however, left to determine whether the actions remaining at issue in this motion are barred by such statute of limitations.

### 2.     Statute of Limitations

Defendants contend that plaintiff's challenges to the initial designation of the road and the establishment of the trailhead are barred by the statute of limitations. "In the absence of a specific statutory limitations period, a civil action against the United States under the APA is subject to the six year limitations period found in 28 U.S.C. § 2401(a)." *Nagahi v. Immigration & Naturalization Service*, 219 F.3d 1166, 1171 (10th Cir. 2000). This statute provides:

> [E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.  The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

28 U.S.C. § 2401(a).  As the parties recognize, the APA acts as a waiver of the government's sovereign immunity.  The limitations period of § 2401(a) limits the scope of that waiver and, thus, governs the jurisdiction of the Court.  *See Ute Distribution Corp. v. Secretary of Interior of the United States,* 584 F.3d 1275, 1282 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 3285 (2010) (suggesting that section 2401(a) is jurisdictional); *Urabazo*, 1991 WL 213406 at *1.

Construing the evidence in the light most favorable to plaintiff, the evidence shows that the road was first designated "Forest Development Road 152" no later than 1984 and that the trailhead was first established in 1998.  Obviously, these actions occurred more than six years prior to the date this action was instituted in 2009.  *See Ute Distribution,* 584 F.3d at 1282 ("A claim against [the] United States first accrues on the date when all events have occurred which fix the liability of the Government and

entitle the claimant to institute an action.").

Plaintiff counters that his claims did not accrue until December 2008, "when the [Forest Service] provided Plaintiff with a clear indication that it would no longer pursue a solution to the [dispute]." (Plaintiff's Response to Motion for Summary Judgment, ECF No. 139, at 18.) In support of his position, plaintiff proffers evidence that prior to that date, he was working with the Forest Service to relocate the trailhead and close a portion of the road. Such arguments and evidence tend to suggest not an issue of accrual[8], but an attempt to invoke the doctrine of equitable tolling by suggesting, perhaps, that the Forest Service misled or lulled plaintiff into sleeping on his rights while

---

[8] Plaintiff initially argued he may bring his challenge more than six years following the agencies' decisions because accrual does not occur until the decisions apply to him personally. (Plaintiff's Response to Motion for Summary Judgment, ECF No. 139, at 18.) Plaintiff cites *Wind River Mining Corp. v. United States*, 946 F.2d 710, 715 (9th Cir. 1991) as authority for this position. While *Wind River* holds that a "substantive challenge to an agency decision may be brought within six years of the agency's decision to the specific challenger," this holding follows from the fact that the grounds for the challenge would not be apparent to the public generally but rather would "require a more 'interested' person." *Id.* at 715-16. Thus, for the mining claims at issue in *Wind River*, "no one was likely to have discovered that the BLM's 1979 designation of [the land] was beyond the agency's authority until someone actually took an interest in that particular piece of property, which only happened when Wind River staked its mining claim." *Id.* Unlike in *Wind River*, plaintiff's predecessor-in-interest had an interest in the subject property and was aware the Forest Service lacked a right-of-way to the road no later than 1981. Thus, plaintiff's predecessor-in-interest had grounds to challenge the designation of the road at the time of such designation in approximately 1984. As such, *Wind River* cannot rescue plaintiff's claims from the six-year bar.

In his supplemental briefing, however, Plaintiff identifies for the first time the continuing violation doctrine as a basis for his contention that the claims did not accrue until December 2008. (Pl.'s Suppl Brief, ECF No. 182, at 2, 5.) As discussed *infra*, the Court requested supplemental briefing on the *sole* issue of equitable tolling. The Court, therefore, will not consider Plaintiff's extraneous argument regarding the continuing violation doctrine. Moreover, even assuming the Court were to consider the doctrine, and assuming the doctrine is applicable to § 2401(a), *see Wild Fish Conservancy v. Salazar*, 688 F. Supp. 2d 1225, 1234 (E.D. Wash. 2010) (discussing split in the circuits regarding whether suits alleging agency inaction are subject to the continuing violation doctrine), it is not applicable in this case where the challenged agency's actions are discrete. *See Matthews v. Wiley*, 744 F. Supp. 2d 1159, 1170 (D. Colo. 2010) (regarding Title VII claim).

the statutes of limitation expired. *See United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (noting that equitable tolling has been applied where a "plaintiff has been lulled into inaction by a defendant").

### a. Initial Designation of the Road

Even assuming equitable tolling applies to extend the limitations period of § 2401(a), the doctrine cannot save plaintiff's claim regarding the Forest Service's initial designation of the road. Under the facts as asserted by plaintiff, the Forest Service first attempted to resolve the conflict and obtain a right of way in 1992—at least eight years after the road was declared a Forest Service road. Thus, the statute of limitations already had expired prior to any conduct that would give rise to equitable tolling. As such, this portion of plaintiff's First Claim for Relief also shall be dismissed with prejudice.

### b. Establishment of Trailhead

A more complicated issue, however, is whether equitable tolling saves plaintiff's claim concerning the establishment of the trailhead in 1998. As a threshold issue, the Court must determine whether the limitations period of § 2401(a) is subject to equitable tolling. Because the parties failed to address equitable tolling in their principal briefs, the Court requested supplemental briefing on the issue.

The central argument of the defendants' supplemental brief appears to be that § 2401(a) is a jurisdictional statute of limitations and, therefore, cannot by definition be subject to equitable tolling. (Supplemental Brief re Equitable Tolling by Defs., ECF No. 185 ("The [Supreme] Court . . . reaffirmed . . . that governmental statutes of limitations defined the court's jurisdiction. A court may not expand the terms of a waiver of

sovereign immunity; therefore, equitable tolling is not permitted.").) The Court agrees that § 2401(a) is jurisdictional in nature because it limits Congress's waiver of sovereign immunity. *See, e.g., Urabazo*, 1991 WL 213406 at *1 ("Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity"); *Cherry v. U.S. Department of Agriculture*, 13 Fed. Appx. 886, 891 (10th Cir. 2001) (same). As shown below, however, defendants' supposition that a jurisdictional statute of limitations necessarily precludes equitable tolling is not accurate. While the Court is not unsympathetic to the defendants' confusion on this point, *see John R. Sand,* 552 U.S. at 133-34 (noting the "jurisdictional" label has often been used as shorthand for those statutes of limitations that are not subject to equitable tolling), a review of the Supreme Court and relevant Tenth Circuit decisions shows that a statute of limitations may limit the government's waiver of sovereign immunity but nonetheless be subject to tolling.

To begin, the Supreme Court in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990) held that the "rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id*. In doing so, the Supreme Court did not distinguish between jurisdictional and procedural statute of limitations, reasoning that this general rule is "likely to be a realistic assessment of legislative intent" and "amounts to little, if any, broadening of the congressional waiver" of sovereign immunity. *Id*. at 94. Equitable tolling, therefore, applies unless it is shown that Congress did not intend it to apply. *See United States v. Brockamp*, 519 U.S. 347, 350 (1997) (phrasing the inquiry under *Irwin* as, "Is there good reason to believe that Congress did *not* want the equitable tolling doctrine to apply?")

11

(emphasis in original). Thus, contrary to the premise of defendants' argument, the jurisdictional nature of a statute of limitations does not necessarily preclude tolling for equitable considerations. Consistent with this, other courts, including the Tenth Circuit, have considered on the merits whether jurisdictional limitations should be equitably tolled. *Hart v. Department of Labor*, 116 F.3d 1338, 1339 (10th Cir. 1997) (regarding tolling § 2401(b)); *T.L. v. United States*, 443 F.3d 956, 961 (8th Cir. 2006) ("there is no inconsistency between viewing compliance with the [2401(b)] statute of limitations as a jurisdictional prerequisite and applying the rule of equitable tolling").

The Supreme Court subsequently narrowed the circumstances in which *Irwin*'s rebuttable presumption applies, holding that it does not apply to statutes of limitations for which the Supreme Court "previously provided a definitive interpretation." *John R. Sand,* 552 U.S. at 137. In other words, the *Irwin* rebuttable presumption applies only if *stare decisis* does not resolve the issue.

With this analytical framework in place, the Court returns to the instant case. To date, the Supreme Court has not ruled on the interpretation of § 2401(a), but Tenth Circuit law indicates that § 2401(a) is a jurisdictional statute of limitations that is subject to equitable tolling.[9] *Urabazo*, 1991 WL 213406 at *4. In *Urabazo*, a case decided one

---

[9] The Court recognizes that there is a split within the courts on the issue of whether § 2401(a) is "jurisdictional." *See id.* at 760, 145 (Ginsburg, J., dissenting) ("Courts of Appeals have divided on the question whether § 2401(a)'s limit is 'jurisdictional.'"); *Marley v. United States*, 567 F.3d 1030, 1035 n.3 (9th Cir. 2009), *cert. denied*, 130 S.Ct. 796 (2009) ("We recognize that [we have] held that the six-year statute of limitations in § 2401(a) is not 'jurisdictional,' but instead sets up a waivable procedural bar. Section 2401(a) is not before us, so we need not decide here whether [such precedent] can survive after *John R. Sand & Gravel*."); *P & V Enterprises v. U.S. Army Corps of Engineers*, 516 F.3d 1021, 1026-27 (D.C. Cir. 2008) (finding no need to address potential implications of *John R. Sand* on its prior authority finding § 2401(a) jurisdictional because the parties did not challenge the circuit's precedents).

year after the Supreme Court's *Irwin* decision, the Tenth Circuit characterized § 2401(a) as a "jurisdictional condition attached to the government's waiver of sovereign immunity." *Id.* at *1. The Tenth Circuit then proceeded to consider the merits of plaintiff's equitable tolling argument, thereby suggesting equitable tolling is available to extend the limitations period. *Id.* at * 4. Ultimately, however, the Tenth Circuit rejected the plaintiff's tolling argument on the merits. *Id.* at *4-5.

While *Urabazo* passed on the issue of jurisdiction *sub silentio*, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 119 (1984); *San Juan County, Utah v. United States*, 503 F.3d 1163, 1214 n.4 (10th Cir. 2007), its reasoning is consistent with the collective holdings of *Irwin* and *John R. Sand* which teach a rebuttable presumption of equitable tolling applies to statutes of limitations for which the Supreme Court has not provided an interpretation, including § 2401(a). *See John R. Sand*, 552 U.S. at 145-46 (Ginsburg, J., dissenting) ("[T]he [majority] Court implies that *Irwin* governs the interpretation of all statutes we have not yet construed-including, presumably . . . § 2401."). Notably, the defendants offer nothing that evinces Congressional intent that § 2401(a) not be subject to equitable tolling. Thus, the Court finds *Urabazo* to be persuasive authority that § 2401(a), though jurisdictional, is nonetheless subject to equitable tolling.

Having determined that equitable tolling is available to plaintiff to extend the limitations period of § 2401(a), the Court must next consider the substantive merits of plaintiff's arguments for tolling the period in this case. This circuit has applied equitable tolling "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and likewise, if a plaintiff is actively

misled or has in some extraordinary way been prevented from asserting his or her rights." *Clymore*, 245 F.3d at 1199; *see Irwin*, 498 U.S. at 96 ("We have allowed equitable tolling in situations . . . where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."). Equitable tolling is only appropriate, however, when a plaintiff "diligently pursues his claim." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 121 S.Ct. 1195 (2001) (regarding the tolling of the limitations period of 2244(d) concerning an application for a writ for *habeas corpus*); *see Richardson v. Frank*, 975 F.2d 1433, 1436 (10th Cir. 1991) (considering the plaintiff's due diligence in filing a complaint with the EEOC).

It is not disputed that, prior to the establishment of the trailhead in 1998, plaintiff and the Forest Service were in discussions regarding their respective rights to the road. These discussions continued when, in January 2001, plaintiff began working with the Forest Service to re-route the trail and move the trailhead. Two months later, the Forest Service informed plaintiff that it had, in fact, decided to relocate the trailhead. From that point until 2008, the Forest Service provided plaintiff with reasons for its delay in relocating the trailhead, including the need for an environmental analysis of the new location and lack of adequate funding.

Defendants do not contend plaintiff failed to act diligently in pursuing his claim, and, from these facts, the Court does not find any evidence that he did. Additionally, the Court finds that the Forest Service's conduct reasonably lulled plaintiff into believing the issue would be resolved without need of a formal challenge to the agencies' decision. For these reasons, the Court finds the six year limitations period should be tolled approximately seven years (from 2001 to 2008) such that the Court possesses

subject matter jurisdiction to this aspect of plaintiff's First Claim for Relief.

## IV.  CONCLUSION

In accordance with the foregoing, the Court lacks subject matter jurisdiction to review the defendants' declarations of the road as "Forest Development Road 152" and "Forest System Road 110-A."  The Court, however, has subject matter jurisdiction over plaintiff's challenge to the defendants' establishment of the trailhead in 1998.

THEREFORE, IT IS ORDERED as follows:

1.  Defendants' Motion for Summary Judgment on Plaintiff's First Claim for Relief in the Second Amended Complaint by Defendant United States of America, Defendant United States Department of the Interior, and Defendant United States Department of Agriculture, ECF No. 123, filed June 23, 2010 is GRANTED IN PART AND DENIED IN PART;

2.  The part of plaintiff's First Claim for Relief asserted in paragraph A of plaintiff's Second Amended Complaint at 7, ECF No. 111, filed May 14, 2010 and addressed herein, is DISMISSED WITH PREJUDICE as barred by the applicable statute of limitations;

3.  The partof plaintiff's First Claim for Relief asserted in paragraph B of plaintiff's Second Amended Complaint at 7, ECF No. 111, filed May 14, 2010 and addressed herein, is DISMISSED WITH PREJUDICE as failing to constitute a final agency action;

4.  Plaintiff's Motion for Leave To File Surreply to Defendants' Motion for Summary Judgment, ECF No. 170, filed October 14, 2010, is DENIED AS MOOT; and

5.  The parties shall jointly contact the chambers of the Magistrate Judge within

five days of the date of this Order to obtain a date certain by which they will submit a proposed scheduling order that provides a timetable for discovery, briefing, and the submission of the administrative record for the remaining challenged actions.

Dated this 6th day of April, 2011.

BY THE COURT:

William J. Martínez
United States District Judge