IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01913-WJM-KLM

RONALD STRICH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF INTERIOR,
UNITED STATES DEPARTMENT OF AGRICULTURE,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on Plaintiff's **Motion Requesting Discovery** [Docket No. 191; Filed July 1, 2011] (the "Motion"). Defendants filed a Response in opposition to the Motion on August 3, 2011 [Docket No. 198], and Plaintiff filed a Reply on August 16, 2011 [Docket No. 200]. The Motion has been fully briefed and is ripe for review. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

**Procedural Background**

Plaintiff initiated this lawsuit on August 12, 2009, regarding the use of an easement traversing his property which serves as a right-of-way connecting federal land. Upon leave of court, Plaintiff filed a Second Amended Complaint on May 14, 2010, which is the governing pleading [Docket No. 111]. On August 13, 2010, the latter two of the three claims presented in the Second Amended Complaint were dismissed with prejudice upon stipulation by the parties [Docket Nos. 159, 160]. On August 17, 2010, the District Court

ordered that the remaining First Claim for Relief be reviewed as an administrative appeal pursuant to the Administrative Procedures Act.  [Docket No. 164].

The First Claim survived Defendants' motion for summary judgment, in part [Docket Nos. 123, 186].  In the order granting in part and denying in part the motion for summary judgment, the District Court construed the motion as a de facto challenge to the court's subject matter jurisdiction, as Defendants asserted that the conduct at issue did not constitute final agency action.  *Order*, Docket No. 186 at 2.  The court found that as to the United States Forest Service's establishment of a trailhead at the end of a road (described as "Ranch Road") crossing through Plaintiff's property in 1998, the action was final, and the statute of limitations was tolled.  *Id.* at 13-14.  The court limited this matter to review of Plaintiff's challenge to the Defendants' establishment of the trailhead and  publication of certain motor vehicle use maps of the area at issue.  The court also referred the parties to the Magistrate Judge for scheduling commensurate with a procedure for administrative review.  *Id.* at 15-16.

On July 6, 2011, Defendants filed a motion to dismiss the portion of the First Claim related to the motor vehicle maps [Docket No. 193].  Plaintiff conceded that this issue is now moot in his response to the motion to dismiss [Docket No. 197], thereby also mooting the motion to dismiss, which remains pending before the District Court.  In light of this response, the only remaining issue within the First Claim presently before the Court is whether Defendants followed applicable regulations when establishing the Ranch Road trailhead, which Plaintiff alleges violated his property rights.

Pursuant to the schedule entered by this Court, Defendants lodged the Administrative Record on June 16, 2011 [Docket No. 190].  The Court set the deadline for

filing any motion requesting discovery as July 1, 2011, and the deadline for filing a subsequent motion to supplement the administrative record as September 2, 2011 [Docket No. 188]. The Motion presently before the Court is timely filed.

In his Motion, Plaintiff contends the Court will not be able to efficiently review the administrative record because it lacks documents related to the agency's decisionmaking process related to the Ranch Road trailhead.[1]  *Motion*, Docket No. 191 at 2.  Plaintiff believes this "shortcoming" implicates his need to conduct discovery, namely the issuance of interrogatories and requests for production and the deposition of Bill Mulholland, the agency officer responsible for compiling the record.  *Id.* at 3.  Plaintiff cites to *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1574 (10th Cir. 1994) and *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) in support of his request.  *Id.*

In response, Defendants correctly point out that the only part of Plaintiff's First Claim that is before the court is the administrative review of the establishment of Forest Service Trail 1486.  *Response*, Docket No. 198 at 3.  The record of documents related to Trail 1486 consists of fourteen pages, including "maps, inventories and trail logs dating from the 1980s and early 1990."  *Id.* at 4.  Defendants identify four discrete facts established by the administrative record:

> A. After Congress designated the Mount Massive Wilderness Area, roads within the Mount Massive Wilderness Area were closed to motorized vehicle [sic]. 16 U.S.C. § 1133(c);
>
> B. Prior to June 9, 1983, after the designation of the Mount Massive Wilderness, the section of Forest Development Road 152 that was within the

---

[1] Plaintiff divides the administrative record into two categories of documents, concerning 1) the establishment of the trailhead for Trail 1486; and 2) the published 2008 and 2009 motor vehicle use maps.

> boundaries of the Mount Massive Wilderness Area was designated Forest Service Trail 1486. (AR-0001.);
>
> C. In 1985, the U.S. Forest Service installed a gate on Forest Development Road 152 at the beginning of Forest Service Trail 1486. (AR-0005.); and
>
> D. The U.S. Forest Service maintained an inventory and log of Forest Service Trail 1486 starting in 1983. (AR 0001; AR 0005-014.).

*Id*. at 5. Based on these facts and the corresponding documents, Defendants aver that the record contains enough information for Plaintiff to "establish the relevant factors and demonstrate a rational connection between the facts and the decision to designate Forest Service Trail 1486." *Id*. at 6. In any event, according to Mr. Mulholland, the record "contains all of the Forest Service documents relating to the establishment and maintenance of National Forest System Trail 1486." *Id*.

In reply, Plaintiff explains that the present record is inconsistent with Defendants' previous admissions in this matter, namely the time frame in which the trailhead was established, and is thus incomplete. *Reply*, Docket No. 200 at 1, 8. Plaintiff reiterates his opinion that the fourteen pages in the record fail to identify any decisionmaking process. *Id*. at 2. He emphasizes the distinction between completing the record and supplementing the record, which are subject to different legal standards. *Id*. at 4-6. Plaintiff clarifies his intent to seek discovery with the purpose of completing the record, in light of the low page-count and apparent unrelatedness of the documents to the challenged agency action. *Id*. at 7.

## Legal Standard

Courts review agency action under an "arbitrary [and] capricious" standard. 5 U.S.C. § 706(2)(A). The crucial question under the arbitrary and capricious standard is "whether

the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *McAlpine v. U.S.*, 112 F.3d 1429, 1436 (10th Cir. 1997) (citing *Citizens to Preserve Overton Park*, 401 U.S. at 416).  In conducting its review, the Court may not substitute its judgment for that of the agency, but may only consider the relevant factors.  *McAlpine*, 112 F.3d at 1436.  The court must engage in a substantial inquiry when reviewing an agency decision; however, the court may not set aside the agency's decision as arbitrary and capricious unless there is no rational basis for the action. *Citizens to Preserve Overton Park*, 401 U.S. at 415; *Hannon v. Clark*, 70 F. App'x 519, 524 (10th Cir. 2003) ("Because the agency decision rests on a rational basis, it must be upheld." (citation omitted)).

"Judicial review under [the arbitrary and capricious] standard[] is generally based on the administrative record that was before the agency at the time of its decision . . . ." *Lewis v. Babbitt*, 998 F.2d 880, 882 (10th Cir. 1993) (citing *Citizens to Preserve Overton Park*, 401 U.S. at 419).  The court "must have before it the 'whole record' on which the agency acted," *Appalachian Power Co. v. EPA*, 477 F.2d 495, 507 (4th Cir. 1973), and "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The whole administrative record is comprised of "all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) (citations omitted).  "The rationale for limiting the record to those documents directly or indirectly considered by relevant agency decision makers is grounded in the need to afford adequate deference to agency expertise while ensuring meaningful judicial review of the full administrative record." *Center for Native Ecosystems v. Salazar*, 711 F.

Supp. 2d 1267, 1275 (D. Colo. 2010).

Courts allow for the introduction of additional documentation to the administrative record in "extremely limited" circumstances. *American Mining Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985); *see also Center for Native Ecosystems*, 711 F. Supp. 2d at 1274-75 (exploring the difference between completing and supplementing an administrative record). For instance, "[i]f the agency has failed to provide a reasoned explanation for its action, or if limitations in the administrative record make it impossible to conclude the action was the product of reasoned decisionmaking, the reviewing court may supplement the record or remand the case to the agency for further proceedings." *Olenhouse*, 42 F.3d at 1575 (citations omitted). Although the designation of an administrative record is entitled to a presumption of regularity, "[w]hen a showing is made that the record may not be complete, limited discovery is appropriate to resolve that question." *Bar MK Ranches*, 994 F.2d at 740 (citing *Tenneco Oil Co. v. Dep't of Energy*, 475 F. Supp. 299, 317 (D. Del. 1979)).

**Analysis**

The first step in evaluating the proper scope of the administrative record is to define "the nature and scope" of the challenged final agency action. *Center for Native Ecosystems*, 711 F. Supp. 2d at 1272. Then, the Court must determine whether the record contains "all documents and materials directly or indirectly considered by the agency." *Id.* at 1275 (citing *Bar MK Ranches*, 994 F.2d at 739). In consideration of the presumption of regularity afforded to the agency, Plaintiff bears the burden to rebut the presumption of a complete record by showing "clear evidence that the record fails to include documents or

materials considered by [Defendants] in reaching the challenged decision."[2]  *Id.*

Here, Plaintiff challenges Defendants' establishment of a trailhead at the end of the Ranch Road passing through his property as noncompliant with agency regulations.  The evidence presented by Plaintiff in support of his perception that the administrative record is incomplete appears to be two-fold: first, that the designated administrative record is only fourteen pages long, and second, that Defendants' position regarding the year the trailhead was established is inconsistent.  *Reply*, Docket No. 200 at 6-8.  Plaintiff seeks discovery in order "to better identify and understand the decisionmaking processes" underlying the establishment of the trailhead.  *Id.* at 2.

The Court finds that Plaintiff fails to meet his burden of rebutting the presumption of regularity with clear evidence.[3]  Plaintiff explains that he seeks discovery in order to better understand the decisionmaking process, but does not expound upon what exactly he believes is missing from the record or how the discovery he seeks will support his claim.  Plaintiff's challenge to the volume of the record is arbitrary without further evidence that

---

[2]Two mechanisms exist for challenging an administrative record as insufficient: completing the record and supplementing the record.  Senior District Judge Kane recently discussed the differences between completing and supplementing an administrative record.  *Center for Native Ecosystems*, 711 F. Supp. 2d at 1274-75; *see also WildEarth Guardians v. U.S. Forest Service*, 713 F. Supp. 2d 1243, 1264-65 (D. Colo. 2010).  In brief, "materials which were actually considered by the agency, yet omitted from the administrative record," are materials relevant to completing the record.  *Center for Native Ecosystems*, 711 F. Supp. 2d at 1274.  "Materials which were not considered by the agency, but which are necessary for the court to conduct a substantial inquiry," constitute materials supplementing the record, and are sometimes referred to as extra-record evidence.  *Id.*  The issue at hand is whether Plaintiff may conduct discovery in order to complete the record, which Plaintiff alleges is deficient.

[3]Senior District Judge Kane articulated a legal standard for the evaluation of "clear evidence."  *Center for Native Ecosystems*, 711 F. Supp. 2d at 1275.  In order to overcome the presumption of regularity, the party seeking to complete the record must set forth: "(1) when the documents were presented to the agency; (2) to whom; (3) and under what context."  *Id.*  Plaintiff in this matter has made no such showing.

Defendants considered other materials that were not included with the record as lodged. (The arbitrary nature of this challenge is highlighted by Mr. Mulholland's statement that the record includes all of the relevant Forest Service documents.)  Moreover, the Court is not troubled that the specific date of 1998 is not present within the record.  The activities documented by the record's materials are commensurate with the designation and maintenance of the relevant portion of Ranch Road as a hiking trail, and the dates indicated on these documents post-date the 1980 designation of the Mount Massive Wilderness Area.  *See* Colorado Wilderness Act, Pub. L. No. 96-560, 94 Stat. 3265 (1980) (establishing the Mount Massive Wilderness Area).   Plaintiff alleges the record does not provide evidence of any process utilized by the agency in making its decision regarding the trailhead, but Plaintiff fails to articulate any authority for his assumption that a certain process was required, nor does he identify a process that he believes should have been followed.  *See Motion*, Docket No. 191 at 2.

If Plaintiff seeks an explanation for the agency action at issue, the administrative record provides an explanation, as it stands.  *See Hannon*, 70 F. App'x at 524 (the agency simply has to establish a rational basis for its action).   The Court finds persuasive Defendants' presentation of the facts found in the record supporting the Forest Service's decision to establish the trailhead.  *See Response*, Docket No. 198 at 5.  In consideration of the designation of the Mount Massive Wilderness Area on December 22, 1980, the Forest Service closed the roads within the area to motorized vehicles, as mandated by 16 U.S.C. § 1133(c).  *Id.*  The Ranch Road within the wilderness area was then designated and maintained as a hiking trail.  *Id.* (citing AR 0005-14 (inventory of trail and log of trail use)).  The documents in the record demonstrate a connection between the facts at issue

and the decision to establish the trailhead: the portion of Ranch Road in the wilderness area could no longer be used by motorized vehicles, that section of the road was thus converted to a hiking trail, and the agency defined the trail with a trailhead.

In the absence of clear evidence indicating that the agency considered materials not included in the record, Plaintiff's request for discovery outside of the administrative record appears to the Court to be nothing more than a fishing expedition. Plaintiff fails to meet his burden of rebuttal, and the presumption of regularity applies to the administrative record designated by Defendants.

## Conclusion

Accordingly, based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion [#191] is **DENIED**.

DATED: August 23, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge